UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 19-097 (TJK)** |
| **v.** | : | |
| **CORREY RAY** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROBATION HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to defendant's motion for a probation hearing (Hearing on Violation). *See* Defendant Motion ECF #48. This opposition is intended to outline to the Court relevant matters relating to the government's opposition and respectfully requests that this Court wait until the defendant's open criminal matter has been completed and after such time this Court should schedule a Hearing on Violation of the Court's Supervised Release conditions for all reported violations of the defendant's Supervised Release conditions.

Specifically, the government has reviewed the defendant's Final Presentence Investigation Report – ECF #23, the U.S. Probation Office Petition ("Petition") prepared by U.S. Probation Officer ("USPO") Mr. Ian O. Bates, *see* USPO Petition ECF #44, the defendant's motion for a hearing on probation petition, and the defendant's open criminal indicted homicide matter in Superior Court. Accordingly, the government opposes any hearing of the defendant violations of this Court Supervised Release conditions until any and all of the defendant's open criminal matters and violations, including his open indicted homicide case is completed.

˘1˘

### I. BACKGROUND

On February 28, 2019, defendant Correy Ray was arrested following a DUI investigation. He was the only occupant of a Lincoln MKX that had been involved in a single-vehicle traffic crash. Officers noted that the defendant appeared to be under the influence of narcotics. During a search incident to arrest, officers recovered a semi-automatic handgun from the defendant's pants. The defendant had previously been convicted of several crimes punishable by more than one year in prison, making it illegal for the defendant to own, carry, or possess a firearm.

On March 14, 2019, a grand jury returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). On January 23, 2020, the defendant pled guilty to both counts of a superseding information, filed the day before. Count One was the same as the sole count of the pending indictment, Unlawful Possession of a Firearm and Ammunition by a person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Count Two charged the defendant with Operating a Vehicle While Impaired, in violation of Title 50, District of Columbia Code, Section 2206.14. Sentencing is currently set for April 27, 2020.

On or about June 5, 2020, this Court sentenced the defendant on Count One to thirty (30) months of incarceration to run concurrently with Count Two followed by twenty-four (24) months of Supervised Release (with conditions) and for Count Two, this Court sentenced the defendant to thirty (30) days of incarceration to run concurrently with Count One.

The defendant's Supervision began on or about April 15, 2021, and was set to expire on or about April 14, 2023.

## II. DEFENDANT'S MOST RECENT SUPERVISION ADJUSTMENT

As outlined more fully in the defendant's USPO violation petition, *see* USPO Petition ECF #44 at 2, USPO Mr. Bates noted, *inter alia*, the following:

> **In addition to Violation #1 probation petition dated December 22, 2022 (Document Nos.: 39)**, on or about December 4, 2022, in the District of Columbia, Mr. Ray committed another federal, state, or local crime by being arrested and charged with murder, in violation of a Mandatory Condition. Evidence in support of the charge is contained in arrest report number 092311600 and testimony of MPD Officer (Lockett, Badge No. 8100).[1]

Although the defendant asserts "that a Hearing be Held and that Sentence be Imposed for the conceded violation of Probation by conviction in 2022 CF2 7282."[2] *See* Defendant's Motion ECF #48 at 2. Simply stated, the defendant's assertion is misplaced, untimely, and does not take into account the critical fact that the defendant does not concede the open indicted homicide matter (2023 CF1 004279) currently in Superior Court and scheduled to go to trial on or about July 2026. In that case, the defendant is charged with Robbery While Armed, First Degree Murder While

---

[1] The brief factual background for the opened indicted homicide case are as follows: On Sunday, December 4, 2022, at approximately 2240 hours, members of the Metropolitan Police Department's (MPD) Seventh District were dispatched to 4224 4th Street, Southeast, Apartment 202, for the report of a shooting. Upon their arrival on the scene, officers located an adult male victim inside the apartment, unconscious and not breathing, suffering from apparent gunshot wounds. District of Columbia Fire and Emergency Medical Services personnel were summoned to the scene, and after finding no signs consistent with life, they pronounced the victim (Marjai Wimbush) dead at 2251 hours under the authority of Dr. Robert Holman. The investigation revealed that Correy Ray, an acquaintance of Wimbush, came to Wimbush's apartment with the intent to rob him on December 4, 2022. A witness later identified Ray, which was corroborated with surveillance video and phone records and forensic evidence.

[2] The defendant was sentenced in his Felon in Possession of a Firearm and Driving Under the Influence cases (2022 CF2 7282 and 2022 CTF 7283) on June 20, 2023, to 18 months (180 days for the DUI was concurrent) and 3 years of supervised release. Those cases occurred on 12/8/22 and the defendant has been continuously detained since then. The homicide case, referenced *supra*, occurred on 12/4/22, also while on this Court's Supervised Release.

Armed (Felony Murder), Second Degree Murder While Armed, three counts of Possession of a Firearm During a Crime of Violence, and Unlawful Possession of a Firearm (Prior Conviction). In that case, the defendant remains held in custody pending trial in that matter. More broadly, this Court should note that the defendant recently filed an emergency motion for release due to jail conditions, which Superior Court Judge Anthony C. Epstein denied.

### III.   CONCLUSION

Because of the defendant's convictions outlined above in Superior Court for Felon in Possession of a Firearm and Driving Under the Influence cases (2022 CF2 7282 and 2022 CTF 7283) and the defendant's open indicted homicide case which occurred on or about December 4, 2022 – all while under this Court Supervised Release status, the Court should view defendant's motion as untimely at best and wait until the indicted homicide matter has concluded. For the foregoing reasons, the Government respectfully requests that this Court wait until the defendant's open indicted homicide matter in Superior Court had concluded prior to this Court taking any actions on the defendant various Supervised Release violations.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              UNITED STATES ATTORNEY

By:   /s/ *Emory V. Cole*
      Emory V. Cole
      PA. Bar #49136
      Assistant United States Attorney
      United States Attorney's Office for D.C.
      601 D Street, N.W.
      Washington, D.C. 20530
      E-mail: Emory.Cole@usdoj.gov
      Telephone: (202) 252-7692